IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00985–KMT

CARDELL H. CHEEKS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER**

---

This case comes before the court on review of the Commissioner's denial of Plaintiff-Claimant Cardell H. Cheeks's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g).

**FACTUAL AND PROCEEDURAL BACKGROUND**

Claimant applied for DIB in April 2011 and SSI in May 2011, alleging that he had been disabled by protruding disks and bloodclots in his back, a back injury, high blood pressure, depression, and high cholesterol since February 2010. (*See* Doc. No. 12, Social Security Administrative Record ["AR"] at 118, 120, 152–53.) The Commissioner denied both applications. (*Id.* at 66, 69.) Following the denials, Claimant requested and received a hearing by an Administrative Law Judge ("ALJ"). (*Id.* at 27–41.) After the hearing, the ALJ determined that Claimant was not disabled within the meaning of section 1614(a)(3)(A) of the Act, because

Claimant was capable of performing substantial gainful work in the national economy. (*Id.* at 21–22.) The Appeals Council subsequently denied Claimant's request for review (*id.* at 1), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). Claimant timely sought review by the Court.

## STATUTORY AND REGULATORY BACKGROUND

Titles II and XVI of the Act award Social Security benefits to claimants who meet certain eligibility requirements. 42 U.S.C. §§ 423, 1382. To receive either DIB or SSI, a claimant must be disabled. 42 U.S.C. §§ 1382(a), 423(a). The Social Security Commissioner has established a five-step sequential process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who works is not disabled, regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe" impairment significantly limits the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or "equals" in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, then the ALJ must determine whether the claimant can still perform any past work despite his or her limitations.

5. If the claimant no longer retains the ability to perform past work, then the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy despite the claimant's limitations.

*See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). After that, the burden shifts to the Commissioner to prove that, despite the claimant's impairments, he or she is still capable of

performing substantial gainful work in the national economy.  *Id.*  If at any point the Commissioner conclusively finds that the claimant is or is not disabled during the five-step review process, the analysis ends.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

## STANDARD OF REVIEW

Review of the Commissioner's disability decision by this court is limited to determining whether the ALJ applied the correct legal standard, whether the decision is supported by substantial evidence, and whether the decision comports with the relevant regulations and caselaw.  *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990); *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).  An ALJ's failure to apply the correct legal standard constitutes an independent and sufficient basis for the Court to reverse the ALJ's decision.  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Likewise, an ALJ's failure to supply the Court with a sufficient basis to determine that the ALJ followed appropriate legal principles is also grounds for reversal.  *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quoting *Smith v. Heckler*, 707 F.2d 1284 (11th Cir. 1983)).

Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  A finding is supported by substantial evidence if it is supported by "more than a scintilla, but less than a preponderance" of evidence.  *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir.1988) (quoting *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir.1987)).  Evidence is insubstantial when it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.

1992).  The Court may not "reweigh the evidence" or "substitute its judgment" for that of the Commissioner."  *Jozefowicz v. Heckler*, 811 F.2d 1352, 1357 (10th Cir. 1987).  So long as there is substantial evidence to support the ALJ's decision, the decision must stand, even if the Court would have reached a different result.  *See Ellison*, 929 F.2d at 536.

Before completing step four of the disability review process, the ALJ must assess the claimant's RFC, which is the most the claimant can do in a work setting on a regular and continuing basis despite the limitations imposed by his or her impairments.  SSR 96-8p, 1996 WL 374184 at *1, 3.[1]  When determining the claimant's RFC, the ALJ must consider all the relevant evidence and all of the claimant's medically determinable impairments.  *Id.* at *2.  Then, in the ALJ's written decision, the ALJ must explain how the evidence supports each of his or her conclusions.  *Id.* at *7.  As part of that explanation, the ALJ must "cite specific medical facts and nonmedical evidence and explain how any material inconsistencies or ambiguities in the case record were considered and resolved."  *Id.*

## ANALYSIS

Claimant argues that the ALJ's step-four Residual Functional Capacity ("RFC") assessment is unsupported by substantial evidence and inconsistent with the law governing the ALJ's decision.  (*See* Doc. No. 14 [Opening Br.] at 18–59, filed Aug. 26, 2014.)  The claimant's arguments fall into the following categories: 1) the ALJ failed to properly weigh and assess medical opinions, and 2) the claimant's RFC, as assessed by the ALJ, is unsupported by substantial evidence and fails to include all of the claimant's limitations.  (*See id.*)

---

[1] An "SSR" is a Social Security Administration ruling.  These rulings, which are final opinions and orders published under the authority of the Commissioner of Social Security, are binding on "all components of the Social Security Administration."  20 C.F.R. § 402.35(b)(1).

### The ALJ's Step-Four Weighing and Assessing of Medical Opinions

Four different arguments comprise Claimant's contention that the ALJ erred in weighing and assessing medical opinions: a) the ALJ erred by rejecting a treating physician's opinion, b) the ALJ erred by giving greater weight to a non-treating doctor's opinion than to a treating doctor's opinion and by failing to give good reasons for doing so, c) the ALJ failed to properly assess and weigh the opinion an examining doctor, and d) the ALJ improperly assigned more weight to an non-examining doctor's opinion than to an examining doctor's opinion. (*See id.* at 18–19.)

*The ALJ's Rejection of a Treating Source's Opinion*

Claimant faults the ALJ for rejecting the opinion of Dr. Johnson, Claimant's treating physician, who opined that Claimant is too disabled to work. (*See id.* at 23–28.) Though the claimant does not seem to argue that the ALJ should have given Dr. Johnson's opinion controlling weight, the claimant does argue that Dr. Johnson's opinion was entitled to deference and that the ALJ should have conducted more analysis before totally rejecting it. (*See id.*)

The ALJ is entrusted with the difficult task of resolving evidentiary conflicts, weighing medical source opinions, and, ultimately, determining whether claimants are disabled within the meaning of the Act. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). A claimant's treating physician's opinion is afforded the most weight of any medical opinion. *See* 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is a) well-supported by medically accepted techniques and b) consistent with other substantial evidence in the record, the ALJ must give that opinion controlling weight. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even treating source opinions that are not entitled to controlling weight are still entitled to deference.

*See Watkins*, 350 F.3d at 1300–01.  When deciding how much weight to assign a non-controlling, treating source's opinion, the ALJ must consider six factors:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention that tend to support or contradict the opinion.

20 C.F.R. §§ 404.1527(c), 416.927.  Then, in the ALJ's written decision, the ALJ must clearly state how much weight the ALJ ultimately assigned the opinion and why.  *See Watkins*, 350 F.3d at 1300–01.  The ALJ must "give good reasons" for that weight, but need not discuss each of the six factors.  *Id. (*quoting 20 C.F.R. § 404.1527(d)(2)); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).  If the ALJ rejects a treating source's opinion entirely, then the ALJ must give "specific, legitimate reasons for doing so."  *Sissom v. Colvin*, 512 F. App'x 762, 766 (10th Cir. 2013) (quoting *Watkins*).

Here, the ALJ afforded Dr. Johnson's opinion "no weight."  (AR at 20.)  The ALJ found that Dr. Johnson's opinion that the claimant was "permanently and totally" disabled was "not supported either by the requisite diagnostic techniques; nor were they consistent with the objective medical evidence."  (*Id.*)  The ALJ pointed out that the claimant's MRI results "showed only minimal disc desiccation and bulge with no stenosis or impingement."  (*Id.*)  The ALJ also stated that Dr. Johnson's treatment records "continually documented normal gait, full

6

active range of motion and no positive straight leg raise until late 2011, when he had only a positive straight leg raise on the right side but continued to have full range of motion." (*Id.*) The ALJ then cited the reports of a specialist, Dr. Sullivan, who found normal musculoskeletal results, "full strength, normal reflexes, intact sensation, no atrophy and no adverse neural tension." (*Id.*) The ALJ then concluded, "Based not only upon the radiographic evidence but the remainder of the objective evidence in the file" he "could not give Dr. Johnson's statements and opinion controlling weight; instead, these were given no weight." (*Id.*)

That is the totality of the ALJ's explanation for not assigning Dr. Johnson's opinion controlling weight, and the totality of the ALJ's explanation for assigning Dr. Johnson's opinion no weight. The ALJ explained why Dr. Johnson's opinion was not entitled to controlling weight but did not explain why she was not giving the opinion any deference. (*See id.*) She did not restate or mention the six factors ALJs must consider when weighing a non-controlling source's opinion, or demonstrate in her written decision that she considered these factors. (*See id.*) Nor did she did not offer or articulate any specific, legitimate reasons for rejecting the opinion. (*See id.*)

The ALJ's omission of any explanation for the weight she ultimately assigned Dr. Johnson's opinion is reversible error. As one of the claimant's treating physicians, the ALJ had a duty to explain not only why she did not assign Dr. Johnson's opinion controlling weight, but specifically why she assigned the opinion no weight at all. *See Sissom*, 512 F. App'x at 766. She offered no such explanation. Moreover, there is no evidence that the ALJ considered the six factors she is required to consider when weighing a non-controlling source opinion. It is not

essential that the ALJ discuss the six factors, *see Oldham*, 509 F.3d at 1258, but she must at least consider them.

Defendant argues that the "ALJ was not required to explain, again, why Dr. Johnson's opinion was given no weight after she had explained why it was not controlling in this case," because "the same reasons govern the evaluation." (Doc. No. 15 [Resp. Br.] at 12, filed Nov. 24, 2014.) The court disagrees. To assign a treating source's opinion no weight at all, the ALJ must conduct two separate inquires, not one. *See Watkins*, 350 F.3d at 1300 (outlining both inquiries, one after the other.) These two inquiries are sequential and cannot be combined. Nor do "the same reasons govern" each inquiry. *See id.* at 1300–01. This is not a "hyper-technical" reading of the ALJ's duties, as the defendant suggests. (Resp. Br. at 12–13.) This is what the law requires. *See Watkins*, 350 F.3d at 1300–01; 20 C.F.R. §404.1527(c)(2); SSR 96-2P, 1996 WL 374188 *1, 4.

Therefore, because the ALJ offered no explanation or justification for assigning Dr. Johnson's opinion no weight, the court finds the ALJ committed reversible error. The court does not reach or address Claimant's remaining arguments. The issues raised in those arguments may be resolved by reconsideration and rehearing. The court also expresses no opinion on whether, on remand, the ALJ should assign any weight to Dr. Johnson's opinion. That is a determination left to the sound discretion of the ALJ. *See Richardson*, 402 U.S. at 399. However, because several of the alleged errors concern improper weight assigned to medical opinions, this order may well be instructive.

Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner.  It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 16th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge