IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00985–KMT

CARDELL H. CHEEKS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER

The matter before the court is Plaintiff's "Unopposed Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412." (Doc. No. 28 [Mot.], Nov. 24, 2015.) Defendant, the Acting Commissioner of Social Security ("the Commissioner"), did not file a response.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 7, 2014, Plaintiff, Cardell H. Cheeks, filed a complaint against Carolyn W. Colvin, the Commissioner of Social Security, to appeal the Commissioner's decision denying Plaintiff certain disability benefits. (Doc. No. 1.) The court reversed and remanded the Commissioner's administrative decision on September 16, 2015, due to the Commissioner's failure to offer any explanation or justification for assigning no weight to an opinion rendered by one of Plaintiff's treating physicians. (Doc. No. 24 at 8.) As the prevailing party, Plaintiff now

seeks to recover his attorney fees. (Mot. at 1.) The Commissioner does not oppose Plaintiff's motion. (*Id.*)

## LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") awards attorney fees to a prevailing party in a Social Security Disability case when the United States took a position that was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Specifically, 28 U.S.C. § 2412(d) provides:

> a court shall award to a prevailing party other than the United States fees and other expenses…incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

In addition, a party seeking an award of fees shall, within thirty days of final judgment in the action, submit to the court an application for fees that shows the party is a prevailing party and is eligible to receive an award under this subsection, along with the amount sought, "including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." *Id.* at § 2412(d)(1)(B).

## ANALYSIS

Plaintiff's Motion for Fees asserts that he is the prevailing party, and Plaintiff's counsel attached to the Motion for Fees an affidavit and itemized statement stating the actual time expended and the rate at which fees were computed. (Mot. at 2, 5-7). These matters remain unopposed by the Commissioner.

With regard to the fee amount requested, there is a discrepancy between Plaintiff's Motion and the accompanying Affidavit from Plaintiff's attorney. In the Motion, Plaintiff

requests fees in the total amount of $5,500.00 for 29.1 hours worked. (Mot. at 1, 3). The Affidavit, however, sets forth itemized time totaling 31.0 hours and indicates fees in the amount of $5,857.45. (Mot. at 6-8). The indicated hourly rate in both the Motion and the Affidavit is $188.95. (Mot. at 1, 7).

To determine whether a fee request is reasonable, the Court must first calculate the "lodestar amount." *Robinson*, 160 F.3d at 1281. The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The EAJA hourly rate for legal services is $125.00 per hour, but the Court may award a fee at a higher hourly rate depending on, among other things, increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff's attorney states that $188.95 per hour represents the $125 per hour EAJA maximum when adjusted for cost of living since March 29, 1996. (*Id.* at 7.) Courts in this district have approved hourly rates of more than $190 after adjusting the EAJA fee limit for cost of living in 2014 and 2015. *See Ruckdeschel v. Colvin*, No. 13-cv-2803-WJM, 2015 WL 4944073 at *2 (D. Colo. Aug. 20, 2015). These same Courts have concluded that appealing a social security disability case typically takes between twenty to forty hours. *Id.*; *Medina v. Astrue*, No. 08-cv-01501-WYD, 2010 WL 1254853, at *3 (D. Colo. Mar. 26, 2010). The lodestar amount for 31.00 hours at $188.95 per hour is $5,857.45. Though the Motion indicates 29.1 hours expended, the Affidavit specifically itemizes 31.0 hours expended. In light of the fact that 31.0 hours is within the time considered reasonable for a disability appeal, the court therefore finds it proper to award the same.[1]

---

[1] Though the time spent on preparation of the Unopposed Motion for Award of Attorney's Fees (.6 hours) does not appear to account for the indicated discrepancy, the Court notes that it is appropriate to award fees for the same. *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding

Accordingly, it is

**ORDERED** that "Unopposed Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412" (Doc. No. 28) is **GRANTED**.  The Commissioner is ordered to pay Plaintiff $5,857.45 for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  It is further

**ORDERED** that the EAJA attorney fee award shall be made payable to Plaintiff and mailed to Plaintiff's attorney pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 586 (2010) and *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

Dated this 6th day of January, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

that fees awarded under EAJA may include the fees incurred in litigating the fee dispute itself); *Brodeur v. Astrue*, No. 09-cv-00045-WYD, 2010 WL 4038611 (D. Colo. Oct. 14, 2010) (awarding claimant's entire fee request, including fees based on time spent in connection with an EAJA reply brief).