IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00985–KMT

CARDELL H. CHEEKS,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.

---

## AMENDED ORDER

---

The matter before the court is Plaintiff's "Unopposed Motion for Award of Attorneys'

Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412." (Doc. No. 28 [Mot.], Nov.

24, 2015.) Defendant, the Acting Commissioner of Social Security ("the Commissioner"), did

not file a response.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2014, Plaintiff, Cardell H. Cheeks, filed a complaint against Carolyn W.

Colvin, the Commissioner of Social Security, to appeal the Commissioner's decision denying

Plaintiff certain disability benefits. (Doc. No. 1.) The court reversed and remanded the

Commissioner's administrative decision on September 16, 2015, due to the Commissioner's

failure to offer any explanation or justification for assigning no weight to an opinion rendered by

one of Plaintiff's treating physicians. (Doc. No. 24 at 8.) As the prevailing party, Plaintiff now

seeks to recover his attorney fees.  (Mot. at 1.)  The Commissioner does not oppose Plaintiff's

motion.  (*Id.*)

## LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") awards attorney fees to a prevailing party in a

Social Security Disability case when the United States took a position that was not "substantially

justified."  28 U.S.C. § 2412(d)(1)(A).  Specifically, 28 U.S.C. § 2412(d) provides:

> a court shall award to a prevailing party other than the United States fees and
> other expenses…incurred by that party in any civil action (other than cases
> sounding in tort), including proceedings for judicial review of agency action,
> brought by or against the United States in any court having jurisdiction of that
> action, unless the court finds that the position of the United States was
> substantially justified or that special circumstances make an award unjust.

In addition, a party seeking an award of fees shall, within thirty days of final judgment in the

action, submit to the court an application for fees that shows the party is a prevailing party and is

eligible to receive an award under this subsection, along with the amount sought, "including an

itemized statement from any attorney or expert witness representing or appearing in behalf of the

party stating the actual time expended and the rate at which fees and other expenses were

computed." *Id.* at § 2412(d)(1)(B).

## ANALYSIS

Plaintiff's Motion for Fees asserts that he is the prevailing party, and Plaintiff's counsel

attached to the Motion for Fees an Affidavit and itemized statement stating the actual time

expended and the rate at which fees were computed.  (Mot. at 2, 5-7).  These matters remain

unopposed by the Commissioner.

The Affidavit sets forth itemized time totaling 31.0 hours and indicates fees in the

amount of $5,857.45, at an hourly rate of $188.95.  (Mot. at 6-8).  In the Motion, Plaintiff

requests fees in the total amount of $5,500.00, representing the amount stipulated by the parties.

(Mot. at 1, 3).

    To determine whether a fee request is reasonable, the Court must first calculate the

"lodestar amount." *Robinson*, 160 F.3d at 1281.  The lodestar amount is the "number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983).  The EAJA hourly rate for legal services is $125.00 per

hour, but the Court may award a fee at a higher hourly rate depending on, among other things,

increases in the cost of living.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff's attorney states that

$188.95 per hour represents the $125 per hour EAJA maximum when adjusted for cost of living

since March 29, 1996.  (*Id.* at 7.)  Courts in this district have approved hourly rates of more than

$190 after adjusting the EAJA fee limit for cost of living in 2014 and 2015.  *See Ruckdeschel v.*

*Colvin*, No. 13-cv-2803-WJM, 2015 WL 4944073 at *2 (D. Colo. Aug. 20, 2015).  These same

Courts have concluded that appealing a social security disability case typically takes between

twenty to forty hours.  *Id.*; *Medina v. Astrue*, No. 08-cv-01501-WYD, 2010 WL 1254853, at *3

(D. Colo. Mar. 26, 2010). The lodestar amount for 31.00 hours at $188.95 per hour is $5,857.45.

As noted, the parties have stipulated to an award of attorney's fees totaling $5,500.00.  In light of

the fact that the time expended and hourly rate are within the time considered reasonable for a

disability appeal, the court finds it proper to award the same.[1]

    Accordingly, it is

    **ORDERED** that "Unopposed Motion for Award of Attorneys' Fees Pursuant to the

Equal Access to Justice Act, 28 U.S.C. §2412" (Doc. No. 28) is **GRANTED**.  The

---

[1] The court previously entered an Order awarding attorney's fees in the amount of $5,857.45,
representing the total amount of hours worked at the indicated hourly rate.  (Doc. No. 29).

Commissioner is ordered to pay Plaintiff $5,500.00 for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  It is further

**ORDERED** that the EAJA attorney fee award shall be made payable to Plaintiff and mailed to Plaintiff's attorney pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 586 (2010) and *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

Dated this 26th day of January, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4